## KEATOR *et al.* v. ST. JOHN.

*(Circuit Court, D. Minnesota. July 2, 1890.)*

**JUDGMENT—RES ADJUDICATA—IDENTITY OF POINT AT ISSUE.**
On the plea of *res adjudicata* in an action by a principal against his agent for the purchase of land, to recover $18,000 alleged to have been received by the agent of the moneys paid by plaintiffs to his vendor, it appeared that in a former action by the principal against the agent for fraudulent representations as to the value of the land, a judgment was recovered against the agent, but it did not appear that any issue was raised as to the $18,000 received by the agent, or that at that time plaintiffs had any knowledge of it. *Held*, that the former suit was not a bar to the second.

At Law.
*Flandrau, Squires & Cutcheon* and *Searles & Gail*, for plaintiffs.
*Clapp & McCartney* and *C. D. O'Brien*, for defendant.

MILLER, Justice. This is an action brought by Keator against St. John on the ground that, while St. John was his agent for the purpose of purchasing some pine lands, he (St. John) received some $18,000 from the other side, which he converted to his own use, and which was paid in fact by the present plaintiff in the case. If that was so, it undoubtedly was a good foundation for an action, and as the case is presented on this motion that much is conceded. But St. John presents to the court as a defense a former trial and a judgment in the state court, which is alleged to be for the same subject-matter between the same parties, in which a judgment was rendered against him for $5,000, which stands unreversed, and which, he claims, is a bar to the suit now before us. If that were so, if that were for the same cause of action, and between the same parties, it would be a bar. The defendant states that at the introduction of the record of the former suit he asked the court to tell the jury, not that it was a bar, but that they must find a verdict for the defendant on that ground. There is no assignment of that as an error, because the court was not bound to say to the jury: "These are the same parties, and the facts proved in the state court are the same facts proved in this court."

That was a matter it was his duty to leave to the jury. He had a right to do so, and there is no error in that ruling. But there were instructions asked upon the part of the defendant with regard to that matter, which, if it was a good defense, ought probably to have been given; and the question is whether, as we see it now, as it is with the record of both cases before us, it is such a defense as the court ought to have instructed the jury that he could and ought to have relied upon as a defense against the present case. The doctrine on that subject has undergone some modification, and has always been liable to some divergence of opinion in different courts at different times. Perhaps the doctrine as now established, and as acted on by the supreme court of the United States, is best stated in the case of *Cromwell* v. *Sac Co.*, 94 U. S. 351, which was cited here the other day. It had been held in the case of *Aurora* v. *West*, 7 Wall. 82, that not only would what was actually decided in the first suit be a bar to a second suit for the same cause of action, but that whatever might have been decided under that issue was a bar to any further prosecution for the same similar cause of action. In *Cromwell* v. *Sac Co.* it was held that the rule in *Aurora* v. *West* was a *dictum* not necessary to the case; that to be a bar to a subsequent suit the matter must either have been actually tried and decided, or it must have been inferentially decided; that is, it must be proven as an actual fact that it was submitted to the first court or jury, or it must be an inference from the state of the pleadings that the judgment rendered must have been considered in the trial court. I think that is the solid foundation on which the doctrine of *res adjudicata* rests. Applying these principles to the present case, it is very true there is a liberal statement in the first action against Mr. St. John about his committing frauds on the plaintiff, and about the fraud concerning the purchase of this same land; and it is barely possible that under the first declaration the present fraud of the defendant, having received $18,000 from the other side while acting as the agent of the plaintiff, might have been presented and considered. But it does not appear that it was proved. I do not understand that the exact truth as it appeared on this trial, confessed by Mr. St. John himself, that while acting as the agent for the present plaintiff in the purchase of the land from Gillespie he got $18,000 of the money that Gillespie got from the plaintiff, was so fairly set forth that the plaintiff knew such was the fact; that it was an issue in that case. But after that case was decided the present plaintiffs became aware of that fact. They were able to trace the notes he took which were paid in the bank, so that on the second trial there was this decided issue about the $18,000 received by St. John. Without elaborating the case any further, we are of the opinion that the judge of the circuit court was right in refusing to hold that the first suit was a bar to the second action. The frauds were different, any way. The first fraud for which a recovery was sought was for false representations made to the plaintiff by St. John as to the value of the property. You who live in this part of the country among pine lands know that their value depends upon the quantity of pine timber that is upon them, and that is a mat-

ter of calculation and knowledge, to be obtained by inspection. Mr. St. John professed to have that knowledge, and made false statements about it, for which the jury held him liable in the sum of $5,000. That was totally different from the $18,000 which he actually received as his reward from Gillespie for helping to sell this land. I am of the opinion that the motion for a new trial should be denied. Ordered accordingly.