BARNSDALL et al. v. O'DAY et al.

(Circuit Court of Appeals, Third Circuit. February 6, 1905.)

No. 29.

1. FRAUD—ACTION FOR DAMAGES—EVIDENCE.

In an action by purchasers against their vendor to recover damages on the ground that plaintiffs were induced to purchase the property by a false and fraudulent representation as to its actual production of petroleum, and "that the pipe-line statements of the runs of oil from said property showed the correctness of the aforesaid representation," evidence of what the pipe-line statements did in fact show was pertinent and admissible, to be considered by the jury, even though they may not in themselves have correctly shown the amount of actual production.

2. SAME—DEFENSES—RATIFICATION OF CONTRACT MADE BY AGENT.

The bringing of an action by a principal against his agent in the purchase of lands for the amount of a commission secretly paid him by the vendor does not operate to ratify the contract, so as to discharge the vendor from liability in damages for fraud and deceit, by which, with the assistance of the agent, the sale was induced.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 636, 637, 643.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Eugene Mackey and James W. Lee, for plaintiffs in error.
S. S. Mehard, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. It is not necessary to refer to the several specifications in this case. The three points made in the brief for plaintiffs in error present the only questions which it is necessary to consider.

1. The action was brought to recover damages for injury alleged to have been sustained by the plaintiffs below (defendants here) by reason of their having been induced to purchase certain property from the defendants below by a false and fraudulent representation of its actual production of petroleum oil, and "that the pipe-line statements of the runs of oil from said property showed the correctness of the aforesaid representation." This is a brief, but, for the present purpose, a sufficient, abstract of the plaintiffs' allegation of their cause of action; and that evidence of what the pipe-line statements did show was directly pertinent to the issue joined upon that allegation seems to us to be obvious. But if the only legitimate subject of inquiry had been as to the quantity of oil actually produced, regardless of what the pipe-line statements showed, yet we could not agree that those statements ought to have been excluded. It was not essential to their relevancy that they should, in and of themselves, accurately disclose how much oil had been really produced from the premises. There was testimony that they did not do so, but they supplied information which, in connection with the other evidence, might reasonably be considered by the jury in determining that matter for themselves, and this sufficed to justify their admission.

2. The agent of the plaintiffs below, in making this purchase for them, asked and received from the defendants the sum of $8,700 for himself. This payment was secretly made, and it is admitted, as it must be, that by reason thereof the sellers were precluded from maintaining that whatever knowledge the agent had respecting the real production of the property was imputable to his principals. But it is averred that the learned court erred in declining to rule that because, when the plaintiffs below, long afterward, learned of this misconduct of their agent, they made it the ground of an action against him, they "legalized the payment and receipt of such commission, and he thereby became their full agent for all purposes of the purchase, and all knowledge of the production or condition of the property acquired by him at or before the time of the sale would be knowledge to his principals, the plaintiffs herein." This proposition was properly negatived. It could not have been affirmed without holding that a principal, who seeks redress against his agent for having wrongfully accepted money from those with whom he was authorized to deal, thereby discharges the latter from all liability for a fraud by which they, with his assistance, had misled the principal to his hurt. We know of no rule or principle of law which would justify us in so deciding. "Agents are, in a sense, trustees, and they owe to their principals a similar duty to that which trustees owe to their cestui que trust"; and it would hardly be claimed, we think, that a cestui que trust could not require his trustee to account for money he had accepted from persons whose interest was opposed to that of the trust, without condoning a fraud which had been perpetrated in the course of the transaction in connection with which that money had been received. No authority has been cited which lends support to the contention that by bringing their action against the agent the defendants in error ratified the contract which was induced by the fraud in which he had participated. The subject-matter of this action is not the same as that of the action against the agent; the two frauds were different. Keator v. St. John (C. C.) 42 Fed. 585, was an action brought by Keator against St. John on the ground that, while St. John was his agent for the purpose of purchasing some pine lands, he (St. John) received $18,000 from the other side. St. John set up as a defense a former judgment against him of $5,000, which he alleged was for the same subject-matter; but, on motion for new trial, Mr. Justice Miller said—

"That the judge of the Circuit Court was right in refusing to hold that the first suit was a bar to the second action. The frauds were different, any way. The first fraud for which a recovery was sought was for false representations made to the plaintiff by St. John as to the value of the property. * * * Mr. St. John professed to have that knowledge, and made false statements about it, for which the jury held him liable in the sum of $5,000. That was totally different from the $18,000 which he actually received as his reward from Gillespie [Glaspie] for helping to sell their land." Keator et al. v. St. John (C. C.) 42 Fed. 585.

Subsequently Keator sued the seller of the same pine lands, and, upon writ of error in that suit, the Court of Appeals for the Eighth Circuit said:

"It is further contended that the Circuit Court erred in instructing the jury that the case in hand was not barred by a previous recovery in an action by Keator & Son against St. John. The merits of this contention can be best tested by a brief statement of the facts upon which the defense was based. Keator & Son first brought an action against St. John to recover damages for the same fraud and deceit that is complained of in the case at bar, and in such suit recovered a judgment for $5,000, which judgment has not been satisfied. In the course of the trial of the latter suit for fraud and deceit, Keator & Son discovered that St. John had received $18,000 from Glaspie of the sum which they had paid for the pine lands. They thereupon brought an action against St. John for the latter sum, and recovered the amount sued for, with interest, which judgment has been paid. The last-mentioned action was brought and maintained solely upon the ground that St. John was their agent in negotiating the purchase of the pine lands, and that the profit which he had secretly made in that transaction through connivance with Glaspie belonged to his principals. In stating their damages in the present action, the plaintiffs below have given credit for the amount of the second judgment which was recovered against St. John, and was by him paid. It is now insisted that the payment of the second judgment against St. John for $18,000 and interest operated to satisfy the first judgment against him for $5,000 in the action for fraud and deceit, and that the satisfaction of the latter judgment bars a recovery against Glaspie in the present action. We are of opinion that the Circuit Court properly directed the jury to disregard the plea of a former recovery, for the reason that the cause of action sued upon in the second suit against St. John was totally unlike the cause of action in the first suit, and totally unlike the cause of action in the suit at bar. There might have been a recovery against St. John in the second action even though no misrepresentations had been made by him as to the quantity of timber that the pine lands would yield, and the evidence which was sufficient to warrant a recovery in the second suit was utterly insufficient to justify a verdict in the first action. Furthermore, the damages recoverable in the respective suits were essentially different. These considerations warrant the conclusion that the payment of the second judgment against St. John did not operate to satisfy the first judgment for fraud and deceit, as was practically held by Mr. Justice Miller in Keator v. St. John (C. C.) 42 Fed. 585." Glaspie v. Keator, 5 C. C. A. 481, 56 Fed. 210.

We concur in the views expressed by the learned judges in these cases, and we think that the position taken by the appellants in this one cannot be reconciled with them.

3. The complaint of the answer which was made by the court below to an inquiry of the jury is without merit. The answer was simply responsive to the question propounded. It did not confine attention to the aspect of the case which the question presented. On the contrary, the learned judge said:

"And *if you accept* that which the parties put in their contract as the value of the property, based on a 402-barrel production, and *you find* that the production was, in point of fact, less, and, as we stated to you, that there was fraud, as we defined before in charging you, *then* you would be *warranted* in awarding as damages the difference between 402 barrels and what the production actually was."

We find no error in this record, and therefore the judgment of the Circuit Court is affirmed.