W. J. CRUTE, Respondent, v. JOHN BURCH et al.,
Appellants.

**Kansas City Court of Appeals, February 13, 1911.**

1. **AGENCY: Ratification: Sales.** Plaintiff authorized his agent
to sell a mare. The agent, unknown to plaintiff, sold at the same
time to defendant, a mule colt, the foal of the mare. *Held*, in
an action of replevin, that plaintiff, by accepting from his agent,
$60, the purchase price of the mare, did not confirm the sale
of the mule, because in ratifying the authorized act of his agent,
he did not thereby ratify the agent's unauthorized act.

2. ———: ———: ———. Where plaintiff did not agree to
take the agent as paymaster for the price of the mule, but was
merely willing that the agent should pay for it, he did not ratify
the unauthorized contract of sale.

Appeal from Cass Circuit Court.—*Hon. N. M. Bradley,*
Judge.

AFFIRMED.

*W. D. Summers* for appellant.

(1) The demurrer of the defendants should have
been sustained because upon the pleadings and the evi-
dence plaintiff was not entitled to recover as the evi-
dence shows that Crute accepted and retained sixty
dollars of the money of W. B. Scruggs, after having
learned of all the facts, and seeks in the replevin to
repudiate the sale made by his agent in part only and
also retains the sixty dollars, thus attempting to ratify
a part of the contract only. Plaintiff (respondent)
cannot ratify that part of the contract beneficial to
him and repudiates that which is not. Shinn v. Mule
Co., 109 Mo. App. 557; Porter v. Woods, 138 Mo. 552;
Davis v. Krum, 12 Mo. App. 287; State ex rel.
v. Harrington, 100 Mo. 170; Judd v. Walker, 114
Mo. App. 145; Porter v. Woods, 138 Mo. 551; Nichols,
Shepard & Co. v. Kern, 32 Mo. App. 7; Kirkpatrick v.

Pease, 202 Mo. 471; Dougherty v. Excelsior Springs, 110 Mo. App. 623. (2) By entering into negotiations with his agent Sheets for collection of price of mule the plaintiff ratified contract of sale. Same authorities as above under prop. 1.

*Oscar W. Byram* for respondent.

BROADDUS, P. J.—This is a suit in replevin to recover a mule. The proceeding was instituted in a justice court where defendant prevailed. The cause was taken by plaintiff to the circuit court on appeal, and tried anew and plaintiff recovered judgment and defendant appealed.

The facts are that; the plaintiff resided in Kansas City, and owned a farm in Johnson county, on which one Sheets resided as a tenant. The plaintiff was also the owner of a certain bald-faced sorrel mare. On or about the 28th day of July, 1908, Sheets came to Kansas City and represented to plaintiff that the mare was in such a bad condition that she would not answer for work during the cropping season; and stated that he had the opportunity of selling her for sixty dollars. The plaintiff authorized him to sell her for that amount. Soon thereafter Sheets took the mare and also a mule colt, the foal of the mare, that belonged to the plaintiff to Harrisonville, in Cass county, and sold both to W. B. Scruggs for $115. Later, but before plaintiff learned that Sheets had sold the mule; Scruggs sold the mule and mare to the defendant. Sheets paid to plaintiff sixty dollars, the price of the mare, for which he gave his receipt.

Plaintiff made an effort to get Sheets to pay for the mule and fixed its price at the sum of sixty dollars. He authorized his lawyer, Mr. Byram, to act for him in the matter. Sheets wrote the following letter to Byram:

154 App—31

"LATOUR, MO., Aug. 20, 1908.

Mr. L. W. Byram,

Dear Sir: Have been and got all the details of the law i am ready to settel with you for the mule come down

HENRY SHEETS."

Byram replied that: "The price of the mule is $65; you might send the money through your bank there. I have spent so much time and money coming to Latour, I can't get there now. I started proceedings to get the mule. I will hold that, however, until I get a letter from you. Please answer by return mail." To this letter Sheets made no answer.

There was no evidence that plaintiff looked to Sheets for pay for the mule, but that he was willing for him to do so. It appeared that plaintiff did not know that the mare had a mule colt at the time he authorized Sheets to dispose of her, and that he learned of its existence after Sheets had sold it to Scruggs.

The contention of appellant is that when plaintiff accepted from Sheets the sixty dollars as payment for the mare he affirmed the sale also of the mule; and that he will not be permitted to ratify that part of the contract that was beneficial to him and repudiate that which is not. Defendant cites a great number of cases which undoubtedly sustains his theory, but they do not help his case. Plaintiff was obligated to affirm the sale of the mare because he could not do otherwise, as he had authorized Sheets to make it. But he did not thereby confirm the sale of the mule. The sale of the latter was without authority. In ratifying the authorized act of his agent he did not thereby ratify his unauthorized act.

And it is further contended that plaintiff by entering into negotiations with Sheets for collection of the price of the mule he ratified the contract of sale. This position is equally as untenable as the first. He did not mule, but was willing that he should pay for it. Surely

it cannot be said this can be construed as an affirmance of the theft of the mule. Had he accepted from Sheets the price of the mule or had agreed to look to him for its payment, that would have been an affirmance of the sale.

This is not a case where an agent is acting within, but is misusing his authority, but where he was acting wholly without any authority.

The case is too plain to admit of controversy. Affirmed. All concur.