### BROOM v. WESTERN UNION TEL. CO.

Telegraph Company—Regulations—Limitation of Actions—Public Policy—Negligence—Mental Anguish.—The stipulation of a telegraph company printed on its form for messages requiring claims for damages or statutory penalties to be presented to the company within sixty days from date of filing message, is a reasonable regulation; is not contrary to law or public policy; does not operate to relieve the company from negligence; does not contravene the statute of limitations, and is binding on the addressee of a message sent on a form containing such stipulation, and delivered to addressee on a form containing a similar stipulation, in suit *ex delicto* for damages for mental anguish under mental anguish statute.

Before Townsend, J., Chester, November, 1903. Affirmed.

Action by A. J. Broom against Western Union Telegraph Co. From order of nonsuit, plaintiff appeals.

*Messrs. W. H. Newbold* and *A. L. Gaston,* for appellants. *Mr. Newbold* cites: *Action is ex delicto and contract is only referred to to show the relation of the parties:* 70 S. C., 83; 62 S. C., 223; 48 Ark., 301; Hale on Tort, sec. 266; Thomp. L. of Elec., sec. 453; 21 N. E. R., 109. *Appellant had right to services of respondent without any stipulation:* 3 Suth. on Dam., 314; 128 Ill., 248; 15 Am. St. R., 109; 25 Am. & Eng. Cor. Cases, 559; 62 S. C., 231; 5 S. C., 358; 62 S. C.,

1; 26 S. C., 91; 19 S. C., 82. *Stipulation limiting liability is void and any assent under coercion is void:* 60 Ill., 438; 25 Am. & Eng. Corp. Cases, 253; 55 S. C., 152; 85 Tenn., 541; 114 Ind., 511; 118 Ind., 248; 19 Mo. App., 80; 47 Ark., 344; 58 Am. Rep., 756; 83 Ala., 542; 86 Ga., 104; 90 Ga., 254; 21 Am. & Eng. Corp. Cas., 116; 47 Ark., 344; Gray on Tel., sec. 34; Thom. on Elec., 239.

*Mr. Gaston* cites: *Telegraph companies are common carriers:* 62 S. C., 230; 26 S. C., 267; 162 U. S., 660. *Company cannot escape liability by a sixty day limitation of notice of claim:* 36 L. R. A., 711, and cases; 2 Thomp. on Neg., 956; 57 S. C., 325; Porter *v.* Southern Ex. Co., 4 S. C.; Butler *v.* Tel. Co., 62 S. C., 154 U. S., 21; 35 Neb., 305; 14 N. E., 894; Thomp. on Neg., secs. 2430, 2432, and cases cited; 27 Ency., 2 ed., 1047; 25 Ency., 1 ed., 807, 808; 30 L. R. A., 612. *Suit is in tort and not contract:* 48 N. E., 670; Gray on Com. by Tel., sec. 75.

*Messrs. Geo. H. Fearons, Evans & Finley* and *J. H. Marion,* contra. *Mr. Marion* cites: *As to right of common carriers to make reasonable regulations:* 5 Ency., 162, 166, 292; 12 Ency., 561; 62 S. C., 1, 414; 30 L. R. A., 621; 27 Ency., 1025, 1040; Thom. on Elec., secs. 153, 184, 202-203; 60 Me., 9; 62 Miss., 288. *Validity of sixty day stipulation:* 27 Ency., 1046; Thomp. on Elec., secs. 245-255; 83 Ala., 542; 121 Ala., 519; 57 Ark., 221; 11 Col., 335; 85 Ga., 425; 90 Ga., 254; 113 Ga., 1017; 15 Bradw., 601; 95 Ind., 93, 228; 118 Ind., 248; 119 Ind., 511; 98 Ia., 51; 90 Ia., 129; 83 Ia., 257; 57 Kan., 230; 71 Miss., 747; 49 Mo. App., 99; 56 Mo. App., 192; 17 Mo. App., 259; 33 Minn., 227; 65 N. Y., 163; 109 N. C., 527; 23 S. E. R., 319; 62 Pa. St., 83; 162 Pa. St., 204; 7 S. Dak., 623; 94 Tenn., 446; 63 Tex., 27; 84 Tex., 54, 313; 2 Tex. Civ. App., 608; 27 S. W. R., 1048; 39 Fed. R., 181; 3 Wilson's Con. R., 220; 79 Tex., 65; 64 Fed. R., 459; 57 Wis., 562. *Reason of the rule:* 63 S. C., 432; 62 Pa. St., 83; 14 S. E., 94; 11 L. R. A.,

103.   *Not a limitation of liability for negligence:* 14 S. E.,
94; 11 L. R. A., 103; 17 Mo. App., 357; 21 Wall., 264.
*Not a statute of limitations:* 14 S. E., 94; Gray on Tel., 62;
11 L. R. A., 103; 36 S. C., 493.   *Stipulation is binding on
addresssee:* 65 S. C., 103; 27 Ency., 1052; 64 Fed. R., 459;
Thom. on Neg., 847; 14 S. E., 94; 5 Ency., 306; 4 S. C.,
241.   *Reasonableness of stipulation is for the Court:* 17 Mo.
App., 257; 52 S. C., 226; 54 S. C., 601; 29 S. C., 96; 23
S. C., 286.

April 19, 1905.   The opinion of the Court was delivered
by

MR. JUSTICE JONES.   This is an action to recover dam-
ages for mental anguish for failure to promptly transmit and
deliver a message addressed to plaintiff, residing at Lan-
caster, S. C., by P. L. Wagner, at Chester, S. C., notifying
plaintiff that his father could not live and to come at once.
The message was written upon a regular form furnished by
the company and signed by the sender, containing, among
other things, a stipulation that "the company will not be
liable for damages or statutory penalties in any case where
the claim is not presented in writing within sixty days after
the message is filed with the company for transmission."
The message, as delivered to plaintiff, on the face of it, con-
tains substantially the same stipulation.   No claim for
damages was presented to defendant company within sixty
days as above required, and no evidence was offered to show
any waiver of such stipulation.   At the close of all the
testimony, the defendant moved for a nonsuit, which was
granted.

The plaintiff appeals and his exceptions present the ques-
tion whether the said stipulation, requiring claim to be pre-
sented within sixty days, is valid as a reasonable regulation
and binding on the receiver of the message so as to bar his
claim for damages in an action in tort under the mental
anguish statute.

Under art. IX., sec. 3, of the Constitution, all telegraph

companies engaged in the business of transmitting intelligence for hire are common carriers and subject to liability as such. It is a well established rule that a common carrier cannot, by contract, exempt himself from the consequences of its negligence. But the stipulation in question does not tend to limit the liability of the company for negligence; it is a stipulation against delay and neglect on the part of the sender of the message, or those who, by the transaction, are brought into business relation with the company. Such a contract is neither contrary to law or public policy nor is it unreasonable. *Aiken* v. *Telegraph Co.,* 5 S. C., 358; *Wolf* v. *W. U. Tel. Co.,* 62 Pa., 83, 1 Am. Rep., 387; *W. U. Tel. Co.* v. *Jones,* 95 Ind., 228, 48 Am. Rep., 713; *W. U. Tel. Co.* v. *Daugherty,* 54 Ark., 221, 11 L. R. A., 102; *Kirby* v. *W. U. Tel. Co.* (South Dakota), 30 L. R. A., 612; *Southern Express Company* v. *Caldwell,* 21 Wall., 264; *Young* v. *W. U. Tel. Co.,* 65 N. Y., 163, 45 Am. Rep., 491, note; *Sherrill* v. *W. U. Tel. Co.* (N. C.), 14 S. E. Rep., 94; *Hill* v. *W. U. Tel. Co.,* 85 Ga., 425, 21 Am. St. Rep., 166; *W. U. Tel. Co.* v. *Waxelbaum* (Ga.), 56 L. R. A., 747; *Harris* v. *W. U. Tel. Co.,* 121 Ala., 519, 77 Am. St. Rep., 70; *Manier* v. *W. U. Tel. Co.,* 94 Tenn., 442; *Heiman* v. *W. U. Tel. Co.,* 57 Wis., 562, 27 Ency. Law, 2 ed., 1046.

The case of *Aiken* v. *Telegraph Company, supra,* held that the stipulation requiring claim to be presented in writing within twenty days was reasonable and binding upon the sendee or receiver of the message as well as the sender. The reasonableness of the stipulation as briefly stated in *W. U. Tel. Co.* v. *Daugherty, supra,* lies in "the character of the business and the great number of messages sent over the lines of a telegraph company, the importance of early information of claims to enable the company to keep an account of its transactions and the impossibility of recalling them or accounting for them from memory after a lapse of a considerable period of time."

This, however, is not an action by the sender on the contract, but is by the sendee in tort for a breach of duty

imposed by law. The sendee of a telegraphic message has no cause of action unless the defendant has breached some duty owing to him. The duty which a telegraph company owes, by law, to the sendee of a message is precisely the same duty which it owes to the sender, that is to promptly transmit and deliver the message. This duty springs from the relation created by the contract. The contract, to the extent that it is reasonable and not contrary to law or public policy, limits, qualifies, moulds the duty which the law imposes upon the carrier in its relation to the public. Such is the reasoning in the case of *Aiken* v. *Telegraph Company, supra:* "The foundation of the contract is the nature of the carrier's occupation and the fact of employment. The legal consequences flowing from such employment are what the special contract seeks to modify or limit. Every such contract implies a sender of a message, a receiver and an agent of transmission. The nature of a contract is in this respect the same, whether the rights and duties of the respective parties are defined by operation of law or by express stipulations between themselves. It would, therefore, follow that the question whether the receiver of the message is a privy should receive the same solution whether the contract is the result of the operation of law or of special terms of agreement between the parties * * * Construing his contract by the nature of the service to be performed, it is clear that the party for whose benefit the service is to be performed is to be regarded as considered and included in the obligation resulting from the fact of employment whether that person stands to it in the relation of sender or receiver." See, also, *Butler* v. *Telegraph Company,* 62 S. C., 222, 40 S. E., 138.

But further, a telegraph company has the right to make rules and regulations for the conduct of its business which do not conflict with law or public policy and are reasonable, and those who deal with the company with notice of such regulations enter into the relation of patron and carrier, subject to such regulations. We distinguish now between reasonable stipulations in the contract and reasonable regu-

lations allowed by law for the conduct of business. `The carrier's duty to the public is affected by the operation of reasonable regulations, whether those dealing with it expressly assent to the regulations or not. It is sufficient if they have notice of the regulation. So that in any action in tort by the sendee of a message, his rights, being based upon the carrier's duty to him as limited by reasonable and valid rules and regulations, cannot be asserted independent of such regulation. There are cases which hold such a stipulation or regulation to be invalid. *W. U. Tel. Co.* v. *Eubanks* (Ky.), 66 Am. St. Rep., 361, 36 L. R. A., 711; *W. U. Tel. Co.* v. *Underwood* (Neb.), 40 Am. St. Rep., 490; *Francis* v. *W. U. Tel. Co.* (Minn.), 49 Am. St. Rep., 507; *Webbe* v. *W. U. Tel. Co.* (Ill.), 61 Am. St. Rep., 207.

These cases, in the main, rest upon the reasons: (1) that such a stipulation limits the liability of a telegraph company in conflict with some express statute or provision of the constitution, and (2) varies the statute of limitations. We have no statutory or constitutional provision which forbids a telegraph company from making such a stipulation or regulation. The mental anguish statute does not affect this question, as it merely, in alteration of the common law, adds mental suffering as an element of damages that may be recovered. Such damages do not constitute a statutory penalty within the sense of that class of cases which hold that such stipulations are valid with respect to damages, but not with respect to a statutory penalty; as for example, *Mathis* v. *W. U. Tel. Co.*, 94 Ga., 338, 21 S. E., 564, 47 Am. St. Rep., 167.

The Supreme Court of the United States, in considering an analogous question in the case of *Southern Express Co.* v. *Caldwell, supra,* satisfactorily disposes of objections to such stipulation in this language: "Such stipulation is not a conventional limitation of the right of the carrier's employer to sue. He is left at liberty to sue at any time within the period fixed by the statute of limitations. He is only required to make his claim within ninety days in season to

enable the carrier to ascertain what the facts are and, having made his claim, he may delay his suit. * * * The contract is not a stipulation for exemption from responsibility for the defendant's negligence or for that of its servants. * * * A common carrier is always responsible for his negligence, no matter what his stipulation may be.   But an agreement that in case of failure by the carrier to deliver the goods, a claim shall be made by the bailor or the consignee within a specified period, if the period be a reasonable one, is altogether of a different character.   It contravenes no public policy.   It excuses no negligence.   It is perfectly consistent with holding the carrier to the fullest measure of good faith, of diligence, of capacity which the strictest rules of the common law ever required."

The judgment of the Circuit Court is affirmed.