8905

SAULS-BAKER CO. v. ATLANTIC COAST LINE R. R. CO.

(82 S. E. 418.)

CARRIERS. STIPULATION OF TIME FOR PRESENTATION OF CLAIM. WAIVER.

Where a statement of claim on account of a loss of goods (of which loss the carrier's agent had notice within the time limited for presentation of claims) is presented, after the time limited by the contract, and the carrier receives some; and requests the claimant to furnish further information with reference thereto, and considers the claim on its merits without notice that the time limit would be relied upon, it waives its right to insist upon such limitation.

Before SPAIN, J., Florence, November, 1913.    Affirmed.

Action by Sauls-Baker Company against Atlantic Coast Line Railroad Company. From order dismissing an appeal from a magistrate's Court, the defendant appeals.

The facts are stated in the opinion.

*Mr. F. L. Willcox,* for appellant, cites: 78 S. C. 36; 84 S. C. 249; 91 S. C. 503.

*Mr. Philip H. Arrowsmith,* for respondent, cites: *Loss presumed to have occurred on line of delivering carrier:* 91 S. C. 270; 78 S. C. 35. *Stipulation does not apply:* 84 S. C. 249; 91 S. C. 506. *Stipulation was waived:* 91 S. C. 503; 85 S. C. 26; 70 S. C. 23. *Finding of fact not subject to review by this Court:* 93 S. C. 80.

July 18, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced in a magistrate's Court, on the 14th day of December, 1912, for the recovery of one and 20-100 ($1.20) dollars, the alleged value of fifteen bottles of ginger ale, and fifty dollars penalty for failure to pay the claim, within the statutory period.

The following statement appears in the magistrate's report of the trial:

"From the testimony and the documentary evidence in the case submitted to me without a jury, I find the following facts: On August 12, 1911, the Southern Railway Company issued its bill of lading to plaintiff's consignor, for one case of ginger ale, consigned to plaintiff at Lake City; upon the reverse side of said bill of lading, among other stipulations, is found the following: 'Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin, within four months after delivery of the property, or, in case of failure to make delivery, then within four months after reasonable time for delivery

has elapsed.    Unless claims are so made, carrier shall not be liable.'

Defendant's freight bill bearing date August 19, 1911, bearing the following endorsement: 'Box robbed, 12 bottles gone.   R.   Signed L. G. A., Agent,' was next offered in evidence, with the testimony of plaintiff, that the notation had been made thereon, by an agent of defendant.

On October 10, 1912, plaintiff filed its written claim for $1.20.

Claim was declined by two letters of defendant, addressed to plaintiff bearing dates respectively, November 4th and 6th, 1912, in the following words: 'Have claim reduced to invoice cost and I will pay at once; hurry the return of papers.'

Plaintiff's invoice shows the case to contain one hundred pints of ginger ale, of the value of seven cents per pint, adding freight of $1 on case makes the total loss of plaintiff, to wit: fifteen bottles at eight cents per bottle, $1.20, as claimed.

The defendant's answer denied every material allegation of the complaint, and set up the above quoted stipulation on the bill of lading, as a defense.

Upon hearing argument pro and con, and a review of the authorities, I concluded that the stipulation was a reasonable one, but under the facts of this case the reason for the enforcement of the stipulation was wanting, the defendant having waived its right to demand written notice of loss or damage, by acknowledgment on the freight bill of the shortage at the time of delivery.

There was no contest as to the facts, and viewing the letter as above I rendered judgment * * * for the amount sued for, interest and the penalty, together with the costs and disbursements * * *.

The point made in defendant's second exception was not made or discussed at the trial of the case, but if it had, from

the view that I take of the law and facts in this case, it could not affect the result."

The second exception to which the magistrate referred was as follows:

"The magistrate erred, it is respectfully submitted, in holding and ruling, that a mere notation on the expense bill of a shortage, in case of a shipment moving over more than one line was sufficient to show a waiver of the right of the protection afforded by the provision of the bill of lading, against claims not filed within four months from the date of delivery of shipment."

The only assignment of error made by the other two exceptions in different form, was "that the magistrate erred in holding and ruling that a mere notation on the expense bill of a shortage, was sufficient to show a waiver of the right, to the protection afforded by the bill of lading, against claims not filed within four months from date of delivery of shipment."

His Honor, the Circuit Judge, dismissed the appeal on the authority of the cases of *Deaver-Jeter Co.* v. *So. Ry.*, 91 S. C. 503, 74 S. E. 1071; Ann. Cases 1914a, 230; *Kelly* v. *So. Ry.*, 84 S. C. 249, 66 S. E. 181, 137 Am. St. Rep. 842, and *Charles* v. *A. C. L. Ry.*, 78 S. C. 36, 58 S. E. 927, 125 Am. St. Rep. 762.

The defendant thereupon appealed to this Court upon a single exception, to wit:

"His Honor, the Circuit Judge, erred, it is respectfully submitted, in finding and holding that a mere notation on the expense bill of a shortage, in case of a shipment moving over more than one line, was sufficient to show a waiver of a right to the protection afforded by the provision of the bill of lading, relieving it from liability for claims, not filed within four months from the date of the delivery of the shipment."

It will be observed, that this exception and the second exception hereinbefore mentioned, raise the same question,

which the magistrate states was not made or discussed, on the trial of the case before him.

The only authority we deem it necessary to add to those, cited by his Honor, the Circuit Judge, is, *Hays* v. *Tel. Co.*, 70 S. C. 16, 48 S. E. 608, 67 L. R. A. 481, in which the Court used this language: "Where the statement or proof is presented, after the time limited by the contract, and the claimant thereafter does nothing, and incurs no expense or trouble, in consequence of any demand of the party to be charged, yet waiver of the form of the claim and of the time limit, will be implied, if the statement or proof is retained and considered on its merits, without notice that the time limit, or lack of written demand in proper form, will be relied on."

The defendant used the following language in the two letters hereinbefore mentioned: "Have claim reduced to invoice cost, and I will pay at once; hurry the return of papers." The record shows that the amount claimed, corresponded with the invoice cost, thus showing an additional ground of waiver.

Appeal dismissed.