12454

FREEMAN v. WESTERN UNION TELEGRAPH COMPANY

(145 S. E., 294)

424

October, 1926.

*Messrs. Francis R. Stark,* and *Evans & Galbraith,* for appellant,

*Messrs. Lanham & Lanham,* for respondent,

May 28, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages alleged to have resulted from the negligent failure of the defendant to transmit and deliver, with reasonable promptness, a certain business telegram, addressed to the plaintiff.

The facts appear to be as follows: On July 14, 1925, one Bruce Owens, at Blowing Rock, N. C., lodged with the defendant, for transmission and delivery, a telegram addressed to the plaintiff at Clemson College, S. C., reading thus:

"Could you consider taking over direction of my nine piece orchestra at Carolina Beach Wilmington can offer you about thirty-five dollars a week plus expenses contract closes September seventh excellent beach nice summer work Butterfly

Hamilton suggests you please wire here immediately."

The message was received promptly at the Clemson College office, and was sent by a messenger to the home of the plaintiff for delivery. The messenger found the house closed; the plaintiff having left for Spartanburg, where he spent the summer with the family of his wife. The messenger, after going to the drug store inquiring for the plaintiff, returned to the house and left the telegram in a crack in or under the door, where it remained until the plaintiff's return in September.

The plaintiff was director of music at Clemson College, and was on vacation from June to September, and was, at the time, unemployed. The sender of the telegram, Owens, was director of music at the hotel at Blowing Rock and at Carolina Beach, near Wilmington, N. C. He needed a director at Carolina Beach, and for that reason sent the telegram to the plaintiff. The plaintiff testified that, if he had received the telegram in due season, he would have accepted the proposition of Owens, the loss of the position costing him $350 and living expenses, aggregating $750.

It is alleged in the complaint:

"That said message *contained an offer from Bruce Owens to the plaintiff for employment* for the summer months, which alone would have paid plaintiff as least $350.00."

The defendant's answer was, in substance, a general denial of the charges contained in the complaint and a special defense that the claim of the plaintiff had not been presented in writing within 60 days after the message had been received by the company for transmission, as provided for in the printed terms upon which the telegram was received for transmission.

On the back of the telegram, under the heading: "All messages taken by this company are subject to the following terms," was the following:

"6. The company will not be liable for damages or statutory penalties in any case where the claim is not presented

in writing within sixty days after the message is filed with the company for transmission."

It is conceded that the service of the summons and complaint on September 17th was the only notice of his claim for damages presented by the plaintiff; this was 65 days after the message had been received for transmission, and 13 days after the first notice received by the plaintiff on September 4th that a telegram had been sent.

The defendant at the appropriate stages of the trial made a motion for a nonsuit, a motion for a directed verdict, and a motion for a new trial upon practically the identical grounds. The motions were overruled, and a verdict in favor of the plaintiff for $400 actual damages was returned by the jury.

The exceptions are based upon the refusals of said motions, and present the two propositions:

(1) That the claim was not filed within the 60-day limit provided for in the terms upon which the telegram was received for transmission.

(2) That the telegram contained only a proposal, and not a definite offer of employment; and that what the plaintiff might have replied to such proposal cannot form the basis of an action for damages.

The evidence discloses great carelessness in the handling of a message which bore upon its face an important business proposition, at a season of the year of the greatest moment to the particular profession to which the plaintiff was attached. Under these circumstances the Court will not be hypercritical in its construction of a telegram, or in the enforcement of a clause practically of forfeiture.

The telegram was stuck under the door by the messenger; he is presumed to have returned the delivery sheet unsigned; this was, or should have been, notice to the operator that the telegram had not been delivered; the wires were at his command to notify the sender by service message that the addressee could not be found; he did not

do this; the sender, if he had, could have found the plaintiff elsewhere. A telegram means urgent business, and its handling should be commensurate with this acknowledged fact.

I. *As to the 60-day time limit for presenting claim:* By the inexcusable neglect of the defendant the plaintiff was in ignorance of the fact that a telegram had been sent for nearly 2 months, from July 14th to September 4th; 52 days of the 60 had been consumed by that negligence. Surely they should not be charged against the plaintiff. The most that the defendant could claim under this limitation, 86 per cent. of which had been lost to the plaintiff by no fault of his, is that the plaintiff should have presented his claim, if not within 60 days after notice of the non-delivery had been received by the plaintiff, within a reasonable time thereafter. It was presented within 13 days, which we cannot hold was an unreasonable delay.

The Supreme Court of the United States, in discussing this identical clause, said in *Western Union Tel. Co. v. Czizek*, 264 U. S., 281, 44 S. Ct., 328, 68 L. Ed., 682:

"This could not be held to apply literally to a case where through the fault of the Company the plaintiff did not know of the message *until the sixty days had passed*. It might be held to give the measure of a reasonable time for presenting the claim after the fact was known, in the absence of anything more."

We think that there can be no difference between the receipt of this information after the 60 days have elapsed and its receipt a few days before; the same rule of reasonable time should be applied in both instances.

II. *The construction of the telegram:* The defendant contends that the telegram was nothing more than a proposal, and that, upon the speculation of what the plaintiff would have replied, or what the sender would have rejoined to his reply, an action cannot be predicated.

We do not so construe the telegram. It means, and can mean nothing else: "Mr. Freeman, if you are in a position

to consider the proposition, I offer you $35.00 per week and expenses" for the indicated service. In other words, Owens left it to Freeman to decide the condition upon which the offer was made, and necessarily bound himself to the offer upon that condition. Freeman was in a position to decide the issue; would have decided it, and would have accepted the proposition, as he testifies.

The order of his Honor, Special Judge Mays, refusing the defendant's motion for a new trial, so clearly expresses the law of the case that it is adopted as the conclusion of the Court.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.