14477

PHILLIPS v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

(191 S. E., 226)

432

March, 1936.

*Messrs. Thomas, Lumpkin & Cain* and *McDonald, Macaulay & McDonald,* for appellant,

*Messrs. Douglas & Douglas,* for respondent,

May 5, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent was employed in the Winnsboro Mills, a subsidiary corporation of United States Rubber Company. The Equitable Life Assurance Society issued its group policy covering the employees of United States Rubber Company,

which, by agreement of defendant, was extended to cover the employes of Winnsboro Mills. January 1, 1931, the defendant issued and delivered to respondent its individual certificate whereby she was insured for the sum of two thousand dollars. The policy is known as a group policy and contains the usual total and permanent disability clause.

The respondent brought this action to recover the sum of two thousand dollars, alleging that she had become wholly disabled because of disease, and that under the terms of the policy she is entitled thereto; she further alleges that she has performed all of the conditions precedent required by the terms of the policy.

For answer to the complaint, the defendant admits that it issued the policy sued on. It denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the complaint, which relates to plaintiff's alleged disability. It admits that it has refused to make payment of plaintiff's claim. It denies each and every allegation of the complaint not admitted in the answer.

For further defense, it alleged: That the policy sued on ceased when the insured ceased to pay the premiums thereon, or when the insured's employment with the Winnsboro Mills terminated. That plaintiff left the employment of Winnsboro Mills December 31, 1931; and in consequence thereof her certificate of insurance was cancelled October 31, 1932.

For further answer it was alleged that the plaintiff did not, during her employment in the Winnsboro Mills and while the insurance was of force and effect, nor anyone in her behalf, give notice to or furnish proof to the defendant that she had become totally and permanently disabled, and is now estopped from asserting any claim under said certificate.

For further defense, the defendant denies that plaintiff was, at any time during the period of her employment at the Winnsboro Mills and while the insurance was of force and effect, wholly disabled.

The case came on for trial before Judge Oxner and a jury at the Spring, 1936, term of the Court for Fairfield County and resulted in a verdict for plaintiff in the sum of two thousand dollars and interest.

In the course of the trial, motions for non-suit, directed verdict and new trial were made in due time and each motion was denied.

This appeal stands upon fourteen exceptions. Appellant's counsel, in their brief, state five questions on which they elect to argue the appeal. We think that the answer to two questions will be determinative of the case, viz.:

1. Was plaintiff disabled while the policy was in force and while she was in the employ of Winnsboro Mills?

2. Did plaintiff furnish proofs of disability in due time? If she did not, did defendant waive the failure to do so?

The plaintiff discontinued her work at the mill the 31st of December, 1931, on account of her condition of pregnancy. It may be stated that her counsel does not claim that her pregnancy was such disease as constitutes disability within the conditions of the policy of insurance. Her policy of insurance was cancelled November 2, 1932. The cardinal question to be answered here is this: Is there any evidence which required that the Court submit to the jury the question: Did plaintiff's disability occur between December 31, 1931, and November 2, 1932?

The record contains a great deal of testimony thereabout, and, if this Court had the power to declare where the preponderance of the evidence lay, it would say on the negative side of the question. But the law of this State had delegated the power to answer that question to the jury, and this Court has laid down the rule that if there is any relevant and competent evidence bearing on the issue, it must be submitted to the jury. True, the Court has also laid down the rule that if only one reasonable inference may be deduced from the evidence, it is a question of law to be determined by the Court without reference to the jury.

Was there such testimony?

Dr. Lindsay, an honorable and credible witness, was asked: "Since what date has she been unable to engage in her occupation?" He answered: "According to this, December, 1931." Apparently the witness was looking at and referring to a statement he had made to the defendant Insurance Company. Defendant's counsel objected to his answer; the Court admonished him to disregard the written statement, except as it refreshed his memory; then the witness said: "I guess about five or six years."

In addition to this testimony given by Dr. Lindsay, the plaintiff gave testimony as to her condition and feeling during the period under investigation, which the jury was entitled to consider in determining whether her disability existed between December 31, 1931, and November 2, 1932.

The appellant contended, and the presiding Judge overruled it, that plaintiff must give notice of, and furnish proof of, her disability during the life of the policy. His Honor said that he could find in the policy of insurance no provision fixing the time in which proof of disability should be furnished. Our investigation affirms this ruling. The Judge held, and charged the jury, that in such case the plaintiff must have filed the proofs of disability within a reasonble time. The proof was, and it is undisputed, that it was filed by plaintiff's attorney the 16th day of May, 1934; 17 months after the policy of insurance was cancelled and three years after the plaintiff had ceased to be employed by the Winnsboro Mills.

The trial Judge frankly expressed a doubt whether such time was a reasonable one in which to file proof of disability, but he did not decide the question, because, in his opinion, there was evidence which made it his duty to submit to the jury the question whether the defendant had waived the issue that plaintiff had failed to file her proof of disability in due time.

And herein lies the matter that gives us pause.

By their verdict, the jury has said that defendant did waive this right. Was there evidence of waiver? The proof of disability was filed May 16, 1934; the defendant's final action rejecting the claim was August 21, 1935.

Two deductions lead us to the conclusion that the finding of the jury that there was waiver is correct:

1. The long correspondence set out in the exhibits shows that the defendant did not finally reject the claim because it was not filed in time, but because their investigation satisfied them that there was no liability.

2. The defendant, at the start of its investigation, knew that its policy was cancelled November 2, 1932. It needed no investigation to decide that the claim was filed too late. Instead of standing on that ground it elected to investigate the *bona fides* of the claim.

It is a legitimate deduction that the defendant waived the failure to file the papers in due time.

It is appropriate that we say here that this case is distinguished from that of *Hardin v. Southeastern Life Insurance Company,* 176 S. C., 337, 180 S. E., 210, in which this Court said:

"The Court has examined the record with care and is unable to agree with appellant that the testimony required the submission of the case to the jury."

Whereas in the present case the Circuit Judge stated, and the record approves his statement, that there was evidnce of waiver which made it necessary to submit that issue to the jury.

Defendant's attorneys, in their oral argument, stated that they had asked that the cases, *Hayes v. Tele. Co.,* 70 S. C., 16, and *Kingman v. Lancashire Ins. Co.,* 54 S. C., 599, be reviewed by this Court and overruled, but it does not appear by the record that leave of the Court was had to review these cases. Be that as it may, the Court is not inclined to disturb the conciusions reached in those cases.

The rule adopted by this Court in relation to waiver is thus stated by Mr. Justice (Now Chief Justice) Stabler in the case of *Allen v. Jefferson Stand. Life Ins. Co.,* 139 S. C., 41; 137 S. E., 214:

"After knowledge of a breach of the condition of a contract of insurance, the Company, by its acts may waive such breach. *Kingman v. Ins. Co.,* 54 S. C., 599, 32 S. E., 762. * * *

"The question of waiver, unless only one inference can be drawn from the testimony, is for the jury. *Rogers v. Insurance Co.,* 135 S. C., 89; 133 S. E., 215; 45 A. L. R., 1172. *Hollings v. Banker's Union,* 63 S. C., 197, 41 S. E., 90. Even though no one of the facts is sufficient in itself to warrant an inference of waiver, yet if, taken together, they tend to produce that result, then there is no error in submitting that question to the jury. *Cope v. Insurance Co., supra, Clark v. Insurance Co.,* 101 S. C., 249; 85 S. E., 407."

The Circuit Judge charged the law of waiver in substantial accord with these principles, and we cannot say as matter of law, that there is no evidence to sustain the finding of the jury that the defendant waived the failure of plaintiff to give notice of her alleged disability while the policy was in force and in reasonable time.

Appellant excepts to the refusal of the Circuit Judge to charge the following request:

"It is an accepted principle that an insurance company which has, with full knowledge of a breach of a condition of the policy, promised to pay an admitted loss will be deemed to have waived its right to rely on the breach. But the application of this principle must not overlook other considerations which enter into the law of waiver and estoppel; and those considerations are no different when applied to a promise to pay a loss than when applied to other actions by the insurer relating to other aspects of the contract. There is sound authority for and much force in the view that the insurer is not estopped unless the insured relied upon the

action of the insurance company and that his situation has been changed as a result thereof, and that it would operate as a fraud upon him to allow the insurer to retract or disown its previous conduct."

We have been cited to no South Carolina cases, nor have we found any, in support of the proposition stated in the rejected request. We confess that it seems a sound and logical principle, but it is not in accord with the decisions of this Court and we are not disposed to set them aside.

Appellant also excepts to the refusal of the trial Judge to admit in evidence the schedule showing the termination of the contract of insurance and the reason therefor.

We do not think that appellant suffered any harm on this account. There was other uncontradicted evidence showing when the certificate terminated—November, 1932—and that it was terminated because plaintiff had ceased to be an employee of Winnsboro Mills.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.