## 15110

### PHILLIPS v. WESTERN UNION TELEGRAPH CO.

(9 S. E. (2d), 736)

*Messrs. Francis R. Stark* and *Nelson, Mullins & Grier,* for appellant,

*Messrs. C. T. Graydon* and *John Grimball,* for respondent,

June 25, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

The following-quoted telegram was addressed to the plaintiff and filed with the defendant for transmission at Springfield, S. C., at 10:23 a. m., on October 25, 1937, and, as indicated, was received at defendant's Columbia office at 10.55 a. m.:

"'Received at 1419 Main Street, Columbia, So. Car.
"1937 Oct 25 AM 10 55
"CFA 121 22-Springfield So Car 25 1023A
"Dewey Philips
"Bluff Rd St No 4 Columbia So Car
  "Your Uncle Ulee Gleaton Is Dead Get Your Mother Word Will Be Buried 230 OClock This Afternoon
  "Come to Willie Gleatons House
                                      "Willie Gleaton

"230
"No. 6049 To......
"By...... At...... To be......
"Try Locate 11:16 AM
"Has sent word 1:56 PM."

Plaintiff's home, 4 Bluff Road, to which the message was addressed, is just outside of the Columbia city limits and without defendant's ordinary delivery limit, it being about one-half block beyond such city limits and the fourth house so beyond. However, defendant undertook to deliver the message as will be set forth. Its principal witness, the manager of the receiving office in Columbia, testified that the message was of the type called by the defendant company a "double star" message and was supposed to have been given special service. In ordinary parlance it is such as is known as a "death message", the nature of which was brought to the attention of the telegraph company by its contents. Section 8553, 1932 Code.

Defendant's manager testified that it was his custom, found satisfactory in the past, to make delivery of messages in the neighborhood in which plaintiff lived, beyond the ordinary free delivery limit, by telephone either direct to the addressee or through the store of a Mr. Davis. The latter method was used in this instance and from Davis' store was sent to plaintiff's home one Hodge, Davis' employee, at about 11:30 a. m., who left word for plaintiff with his wife, in his absence, that there was a telegram for him and he should call Western Union. Plaintiff's wife inquired whether there was any trouble and Hodge replied that he did not know, that defendant left no message but asked that plaintiff call some time that day.

Plaintiff was at his work as a painter at State Park and did not return home until about 5 p. m. Meanwhile defendant had sent the message by one of its delivery boys who arrived at plaintiff's home at about 2:30 p. m.

Finding the message upon his return home, plaintiff went to defendant's office and interviewed defendant's manager

at about 6 p. m. The latter's testimony as to such interview is that plaintiff made complaint as to the delivery of the message and "discussed the service as to why he didn't get it and what we did and what we didn't do"; and that he, defendant's manager, told plaintiff that he (the manager) would look into the service. The plaintiff testified that upon his making complaint on that occasion to defendant's manager the latter told him that he would investigate it and let him hear.

On December 29, 1937, plaintiff's counsel addressed a letter to the defendant which was received by it on December 30th or 31st, claiming damages for plaintiff for delay in the delivery of the message; and this action was commenced January 18, 1938, the complaint containing appropriate allegations for actual and punitive damages.

Appellant states the question here as follows: "The appeal involves but a single question and that is: Under the evidence adduced upon the trial of this case was not the trial Judge in error in refusing defendant's motion for direction of a verdict made upon the ground that the plaintiff failed to file a written claim with the defendant within sixty days after the message in suit was received for transmission, as is required by the rules of defendant company and the contract subject to which it undertook to deliver said message."

Respondent states two questions, as follows:

"(1) Does Section 8554 of the 1932 South Carolina Code, prohibiting the limitation of liability by a telegraph company, have any force and effect or can the telegraph company still limit its liability by placing a requirement as to the filing of a claim?

"(2) Where an addressee notifies the manager of the telegraph company of the claim and is promised by the manager an investigation and report on the claim and information as to why the message was not promptly delivered, is this act not sufficient to waive the requirement that the claim be filed in writing within sixty (60) days?"

The rule of the defendant company referred to and appearing upon the back of the sender's blank was as follows:

"All Messages Taken By This Company Are Subject To The Following Terms:

"6. The Company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

Against the defendant's position in this respect in the trial Court plaintiff invoked Section 8554 of the Code of 1932 which is as follows: "It shall be unlawful for any common carrier of intelligence for hire doing business in this State to require the sender of any message over its lines to enter into any agreement limiting its (the carrier's) liability from any loss or damage to the sender of any message."

The trial Judge held that the statute was applicable and controlling and that defendant's aforementioned rule is in conflict with the statute and therefore void.

Defendant contends that the trial Judge held that the plaintiff failed to show compliance with the sixty-day stipulation and likewise failed to show any waiver of such requirement, from which ruling there was no exception or appeal by the plaintiff and that he is bound thereby in this Court, so that unless this Court sustains the applicability of the statute to the stipulation there must be a reversal of the judgment in favor of plaintiff entered upon the verdict for $500.00 actual damages returned in his favor by the jury. We first give our attention to this contention.

Defendant made timely motion for direction of verdict in its favor upon the ground, *inter alia,* of the sixty-day stipulation, failure of compliance therewith by plaintiff and the absence of testimony from which it could be reasonably inferred that the defendant had waived the timely filing of the written claim required by the stipulation. Upon the suggestion of the trial Judge counsel consented that decision

upon the motion should be deferred until after submission of the case to the jury.

This Court had recent occasion to disapprove this practice and the wisdom of such disapproval is evidenced by the record of this appeal. The Judge instructed the jury that the plaintiff could not recover in the absence of written claim within sixty days unless the defendant had waived such requirement, which was a question of fact for determination by the jury from the evidence. This charge was, of course, favorable to the plaintiff and the verdict of the jury included its favorable finding of waiver. To this point there was no occasion for the plaintiff to except.

However, after the verdict the trial Court proceeded to rule upon the various grounds formerly submitted for its direction and at length concluded, among other things, that the validity of the stipulation was established by the decisions of this Court, and that the plaintiff had adduced insufficient evidence upon which the jury could have properly found that the defendant had waived the noncompliance with the stipulation. Thus the Judge decided that his charge to the jury was unwarranted by the evidence and, therefore, erroneous.

But he refused to "direct" the verdict which had been rendered insofar as the portion thereof for actual damages was concerned. This upon the ground that the stipulation relied upon by the defendant contravenes Section 8554 of the Code and is therefore void as to intrastate messages, which in effect, it is admitted, that involved, here is.

We do not agree with appellant that it was necessary for respondent, in order to hold his verdict upon the ground of defendant's waiver (if sustained by the evidence) of its sixty-day stipulation, to except to or appeal from the post-verdict ruling which was contrary to the instructions to the jury, in view of the fact that he was left with his favorable verdict and is the respondent here. He might have appropriately inserted in the transcript a proper sustaining ground

under Rule 4 of this Court, which rule, however, expressly reserves to the Court the right to sustain any ruling, order or judgment below upon any grounds appearing in the record.

Furthermore the question is before this Court perforce appellant's fourth exception in which the error charged is the submission to the jury of the question of waiver and the instruction of them thereabout, which assignment of error appellant does not appear to have formally abandoned but instead has undertaken to protect itself by arguing the subject at length in its reply brief after having made some reference to it in the main brief. However, it should be said in justice to appellant's able counsel that they were careful to state in argument that they were reserving their position that the second ruling of the Judge, contrary to that before the verdict, became the law of the case because it was not appealed from or excepted to by plaintiff.

The former disapproval of the procedure followed in this case with respect to the motion for directed verdict is repeated; it is calculated to be wasteful of the time of all engaged in the trial Court and to produce confused situations such as that here presented.

Thus we conclude that we can and should consider respondent's question (2), quoted above, which we now proceed to do. We preface such by reference to the long and firmly established rule in this jurisdiction that the stipulation requiring written claim for damages within sixty days is reasonable and valid and ordinarily binding upon the sendee in his action in tort and as here under the "mental anguish" statute. *Young v. Western Union Tel. Co.,* 65 S. C., 93, 43 S. E., 448; *Broom v. Western Union Tel. Co.,* 71 S. C., 506, 51 S. E., 259, 4 Ann. Cas., 611; and other cases, some of which will be specifically mentioned later herein. Practically well reasoned and enlightening is the opinion in the *Broom case, supra.* This rule is in accord with the great weight of authority, 62 C. J., 186, 26 R. C.

L., 577, *et seq*; *Western Union Telegraph Co. v. Scarborough, Tex. Com. App.*, 68 S. W. (2d), 1027, 94 A. L. R., 1053, and note beginning at page 1056.

However, this Court has applied the law of waiver to the attempted enforcement of the stipulation where warranted by the facts. *Hays v. Western Union Tel. Co.*, 70 S. C., 16, 48 S. E., 608, 67 L. R. A., 481, 106 Am. St. Rep., 731, 3 Ann. Cas., 424. In *Freeman v. Western Union Tel. Co.*, 147 S. C., 423, 145 S. E., 294, the Court refused to enforce the stipulation where apparently no written claim was ever filed and suit was brought sixty-five days after receipt by the defendant of the msesage for transmission; however, ih the latter case due to defendant's negligence plaintiff did not know of the undelivered telegram until fifty-two of the sixty days had elapsed.

We have carefully reviewed the decisions cited by respondent upon the question of waiver. He depends largely upon the *Hays case, supra.* In it there was verbal notice of the claim within the sixty-day period and the company sought further information upon the merits of the claim when it was reduced to writing after the sixty-day period; it was said in the opinion: "The failure of the defendant to object that the first notice was not in writing its subsequent receipt and retention of the written claim without objection after the time had expired, and the request for further information as to the merits while it had the written claim in hand, taken together, furnished evidence of waiver sufficient to go to the jury." (70 S. C., 16, 48 S. E., 610, 67 L. R. A., 481, 106 Am. St. Rep., 731, 3 Ann. Cas., 424.) The opinion further relates the various circumstances which constitute evidence of waiver of similar contracts under the decisions of this Court, and it is impossible to conclude that the facts of this case bring it within the rule.

Other authorities relied upon by respondent upon this point are as follows:

*Kelly v. Southern Railway*, 84 S. C., 249, 66 S. E., 198, 137 Am. St. Rep., 842, in which it was held that evidence of the waiver of a similar stipulation was sufficient where it appeared that verbal claim of damage was made within time and defendant's claim agent examined the shipment and instructed plaintiff with reference to disposition of the goods, the anticipated result of which was made the basis of a written claim, also within time, and upon determination of a greater loss plaintiff later filed in wriitng a claim in an increased ainount and there was correspondence between the parties in which defendant stated that the claim was receiving attention, etc., and the jury were instructed that if the correspondence referred to the first claim it was not evidence of waiver of the stipulation as to the filing of the second claim.

*Sauls-Baker Company v. Atlantic Coast Line Railroad Co.*, 98 S. C., 300, 82 S. E., 418, in which it appears that upon verbal claim within time by the plaintiff the defendant endorsed notation and extent thereof on the freight bill and thereafter corresponded with the claimant concerning it and offered to pay a lesser amount, which was held to be sufficient evidence of waiver upon the authority of the *Hays case, supra.*

*Phillips v. Equitable Life Assur. Soc. of United States*, 183 S. C., 431, 191 S. E., 226, where submission of the issue of waiver to the jury was approved upon the facts that the claim was considered on its merits over a long period of time in which occurred a great deal of correspondence between the parties and final rejection was not based upon failure to file a claim in time, but because defendant's investigation satisfied it that there was no liability on the merits.

Many other authorities have been considered but nowhere have we found any such which would justify submission of the issue of waiver of the stipulation to the jury upon the facts of this case where there was merely a verbal complaint within the period of the stipulation, hence we are of

the opinion that the trial Judge erred in submitting to the jury the issue of waiver and was correct in his subsequent order upon his deferred consideration of that ground of appellant's motion for directed verdict. Therefore, the latter's exception thereabout, Number 4, is sustained.

*Toale v. Western Union Tel. Co.*, 76 S. C., 248, 57 S. E., 117, is conclusive against respondent upon the foregoing question. In that case this Court found that there was no evidence of defendant's waiver of the stipulation although several letters were written within time by the claimant making complaint of defendant's alleged delict. See, also, *Eaker v. Western Union Telegraph Company*, 75 S. C., 97, 55 S. E., 129.

There remains for decision the sole question stated by appellant, Number (1) of respondent's questions, to wit, whether Section 8554 of the Code nullifies in this case the sixty-day written claim stipulation of the contract of transmission. It is not without difficulty and appears not to have been heretofore considered by this Court. We deem it unnecessary to here decide whether the stipulation is a limitation upon liability (see 62 C. J., 186, and foot note 54) and therefore prohibited by the statute for the latter expressly applies only to the limitations of "liability from any loss or damage to the sender of any message." In this case the liability is asserted by the sendee.

No relevant adjudication of any Court under a statute similar enough to be of assistance here as has been cited and we have found none, but we think that the foregoing is the construction of the statute required by the plain and ordinary meaning of the words. If it should be held applicable at all to the stipulation, which we do not now decide, it would in its present form be restricted in its application to damage to the sender, which restriction would, it seems, have been omitted had it been intended to include damages to others; by broader language it could have easily been made applicable to the sendee or other person interested in the mes-

sage. To so extend the statute by construction would be to exercise the power of the Legislature, which this Court cannot do.

Appellant's Exceptions 1, 2 and 3 are, therefore, also sustained.

The judgment below is reversed and the case remanded for entry of judgment for the defendant.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND dissents.

MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND (dissenting):

Being of the opinion that there was sufficient evidence in this case to justify submission of the question of waiver of the stipulation to the jury, and that the verdict awarded respondent in the lower Court should be sustained, I respectfully dissent from the majority opinion in the case.